FILED
JUL 2 2013
DAVID CREWS, CLERK
BY _____ Deputy

IN THE CIRCUIT COURT OF THE PANOLA COUNTY,
MISSISSIPPI FOR THE SECOND JUDICIAL DISTRICT

Shirley Cotton as the Adminstratrix of the Estate
Of Ida Roberson, deceased and on behalf of her
Heirs and wrongful death beneficiaries,

    Plaintiff,

v.

GGNSC Batesville, LLC d/b/a Golden
Living Center Batesville; GGNSC Administrative
Services, LLC; Golden Living; Golden Living-Center;
and Golden Living,

    Defendants.

CASE NO. CV 2013-102 JMP2
JURY DEMANDED

MSNOX: 3:13-CV-169-MPM-SAA

**COMPLAINT FOR MEDICAL MALPRACTICE AND COMMON LAW NEGLIGENCE**

COMES NOW the Plaintiff, Shirley Cotton, as the Administratrix of the Estate of Ida Roberson, deceased and on behalf of her heirs and wrongful death beneficiaries, and states as follows for her cause of action against the above styled Defendants:

### PARTIES AND JURISDICTION

1. Plaintiff, Ida Roberson, at all times material to this lawsuit, was an adult resident citizen of Batesville, Mississippi.

2. Ms. Shirley Cotton is the natural daughter and Administratrix of the Estate of Ms. Ida Roberson.

3. Upon information and belief, Defendant GGNSC Batesville, LLC ("GGNSC") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley ("GLCR") located in Panola County, Mississippi with its principal place of business located at 1000 Fianna Way, Fort Smith, AR 72919.

FILED
MAY 22 2013

4.  Defendant GGNSC may be served with legal process through its registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

5.  Upon information and belief, Defendant GGNSC Administrative Services, LLC ("GGNSC Administrative") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley located in Panola County, Mississippi with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919.

6.  Defendant GGNSC Administrative may be served with legal process through its registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

7.  Upon information and belief, Defendant Golden Living is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley located in Panola County, Mississippi with its with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant Golden Living may be served with process at 7160 Dallas Parkway, Suite 400, Plano, Texas 75024.

8.  Plaintiff is also serving this complaint at the facility location where Ms. Roberson was provided services at 154 Woodland Road, Batesville, Mississippi, 38606.

9.  This cause of action arises in tort and as a result of injuries and damages proximately caused by the Defendant's negligence in Panola County, Mississippi which resulted in injury to Ida Roberson. Plaintiff has complied with all statutory conditions precedent or concurrent with bringing this action. Plaintiff has

provided Defendants with legally sufficient pre-suit notice of her intent to institute these proceedings pursuant to Miss. Code. Ann. § 15-1-36. See Notices of Intent, attached hereto as Exhibit "A." Plaintiff attaches as Exhibit "B" to this Complaint the Certificate of Expert Consultation as required by Miss. Code. Ann. § 11-1-58.

10. This Court has jurisdiction over the parties and the subject matter as a result of diversity of citizenship. Plaintiff was at all times material to this lawsuit a resident citizen of Panola County, Mississippi. Defendants were, at all times material to this lawsuit, foreign corporations to the State of Mississippi.

11. Venue is properly situated in this Court.

## FACTS

12. Ida Roberson was a resident at Golden Living in Ripley, Mississippi in April of 2011.

13. During her admission, Ida Roberson experienced several injuries due to the failure of Defendants to adequately assess, reassess, and care plan for her needs, including but not limited to the following:

 a. abrasions;

 b. pressure sore(s);

 c. infections;

 d. dehydration;

 e. bruising;

 f. disfigurement.

## DEFENDANTS ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

14. Defendants owed a duty of care to residents such as Ida Roberson to provide care, treatment, services, and custodial supervision within the recognized standards of acceptable professional practice applicable to them in Panola County, Mississippi and similar communities, in addition to the duty of providing Ida Roberson with ordinary care.

15. Defendants deviated from the recognized standard of acceptable professional practice and failed to provide Ida Roberson with ordinary care in the following ways that resulted in certain and specific injuries to her person as described below:

   a. Failing to provide a safe environment;
   b. Failing to properly train and supervise its employees to ensure that Ida Roberson received care, treatment, and services in accordance with state and federal laws and regulations;
   c. Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Ida Roberson from injury and neglect;
   d. Failing to exercise the duty of care owed to Ida Roberson;
   e. Failing to recognize the dangers associated with residents such as Ida Roberson;
   f. Failing to properly supervise and care for Ida Roberson;
   g. Failing to properly budget the facility to provide adequate staffing and supplies;
   h. Failure of corporate and management agents to properly staff, hire, budget, and train the facility's employees to ensure that Ida Roberson was provided the appropriate level of care that she required; and
   i. Such other acts or omissions that may be proven through discovery or at trial.

### VII. INJURIES AND DAMAGES

16. As a direct and proximate result of the negligence acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Ida

Roberson was caused to suffer the following harms, losses, injuries and damages, including but not limited to:

    a. abrasions;

    b. pressure sore(s);

    c. infections;

    d. dehydration;

    e. bruising;

    f. disfigurement.

17. As a direct and proximate result of Defendants' negligence, Plaintiff, is entitled to recover damages for all such injuries caused by Defendants' negligence as allowed by Mississippi's law and include, but are not necessarily limited to, any injuries or losses experienced by Ida Roberson that did not cause her injuries, any physical or mental pain and suffering or anguish and loss of enjoyment of life, damages for wrongful death and any other damages generally allowed by Mississippi law that are recoverable by a decedent's estate, in addition to medical expenses.

## VII. TRIAL BY JURY

18. Plaintiff respectfully demands a jury to try this cause.

WHEREFORE, Plaintiff sues the Defendants for the following:

1. Compensatory and punitive damages in an amount to be determined by a jury, but in excess of $10,000.00;

2. An award of pre- and post-judgment interest as allowed by law;

3. An award of costs herein; and

4. For all such other and further relief, general and specific, legal and equitable, to which Plaintiff is entitled.

Respectfully Submitted,

*/s/ Peter Gee*

PETER GEE (Mississippi Bar No.: 100589)
MORGAN & MORGAN - Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Office: 901-333-1817
Fax: 901-333-1897
pgee@forthepeople.com

5.  I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Further Affiant sayeth not.

_____
**PETER BYRON GEE**

On this the _____ day of May, 2013 before me personally appeared PETER BYRON GEE, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

Nov. 17, 2014

[Notary Seal: Erica Love Thomas, State of Tennessee Notary Public, County of Shelby, Comm. Exp. Nov. 17, 2014]

2

# MORGAN & MORGAN
*Attorneys At Law*

SUITE 2600
ONE COMMERCE SQUARE
MEMPHIS, TN 38103
(901) 217-7000
FAX: (901) 333-1897

August 3, 2012

### Via Certified Mail-Return Receipt Requested

Golden Living-Center
Attention: Administrator
154 Woodland Rd
Batesville, MS 38606

GGNSC Batesville LLC
Corporation Service Company
506 S. President Street
Jackson, MS 39201

Golden Living
1000 Fianna Way
Fort Smith, AR 72919

GGNSC Administrative Services LLC
Corporation Service Company
506 S. President Street
Jackson, MS 39201

Golden Living
7160 Dallas Parkway, Suite 400
Plano, TX 75024

| RE: | | |
|---|---|---|
| Our Client | : | Ida Roberson |
| Date of Admission | : | April of 2011 |
| Date of Birth | : | 10-23-1932 |
| Date of Death | : | 10-18-2011 |
| SSN | : | 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 |
| Our File No. | : | MS24545 |

Dear Sir or Madam:

My firm represents the family, survivors, and wrongful death beneficiaries of Ida Roberson, deceased. My firm is evaluating Ms. Roberson's medical records that were provided by the nursing home. We have consulted with an expert witness.

Please accept this letter pursuant to Miss. Code Ann. §15-1-36(15) as putting you on notice of our representation and the possible claim. At this time, we believe that the claim revolves around the care of Golden Living in Batesville, Mississippi in Panola County.

The legal basis of the claim revolves around the nursing and care that was provided to Ms. Roberson while she was a resident of Golden Living in April of 2011 until October of


EXHIBIT A

2011. The claim would include but not necessarily be limited to negligence, violations of resident's rights, negligence per se, and medical malpractice and wrongful death. Ms. Roberson was a resident in need of care and assistance.

The medical records indicate that Ms. Roberson was found with an open area on her buttocks on July 10, 2011. From that point on, Ms. Roberson had multiple issues with her skin integrity including more new areas of skin breakdown on September 26, 2011 with documentation of areas on her hip and on her sacrum. The following is information pulled from the medical records that serve as examples of the skin issues, injuries and damages that Ms. Roberson had while she was a resident of Golden Living. This is not an exhaustive list as the medical records are quite large but serves to put you on notice of the types of issues and the nature of the injuries that Ms. Roberson suffered.

- 7/10/11 Open area found by CNA to both inner buttocks
- 7/26/11 Stage 2 decubitus buttocks 0.5 x 0.5 cm
- 8/21/11 Abrasion left labia
- 9/26/11 Redness to left hip thickened area and sacral area darkened area 2 x 2 cm

- 10/9/11 Coccyx wound on this date documented as 10 x 12 cm
- Left hip stage II 6 x 6 cm
- Right medial thigh 3 x 2 yellow slough; not staged
- Right posterior thigh stage III 2 x 2 cm

From the records, it is recorded that Ms. Roberson had a feeding tube. Ms. Roberson had an unplanned weight loss during her residency at Golden Living. Additionally, it is believed that Ms. Roberson was not provided basic custodial care. If this matter is litigated, it is possible that in discovery other issues may be revealed or discovered that may include acts of negligence, medical malpractice, violations of resident's rights that may have caused injuries and damages to Ms. Roberson.

Ms. Roberson died on October 18, 2011. Ms. Roberson suffered injuries and damages and poor care, including but not limited to, skin integrity issues, pressures ulcers, dehydration, nutritional issues, weight loss, infections, issues with her feeding tube, infections and death.

I know that you will send a copy of this correspondence to your professional liability insurance carrier and/or your risk manager and/or your legal counsel. You are welcome to contact me, or your representative is welcome to contact me. Please contact me at (901) 333-1817 should you wish to attempt to resolve this matter before my office files suit.

Sincerely yours,

MORGAN AND MORGAN-MEMPHIS LLC

Peter B. Gee, Jr., Esq.

IN THE CIRCUIT COURT OF THE PANOLA COUNTY,
MISSISSIPPI FOR THE SECOND JUDICIAL DISTRICT

Shirley Cotton as the Adminstratrix of the Estate
Of Ida Roberson, deceased and on behalf of her
Heirs and wrongful death beneficiaries,

    Plaintiff,

v.                                                       CASE NO. _____
                                                         JURY DEMANDED

GGNSC Batesville, LLC d/b/a Golden
Living Center Batesville; GGNSC Administrative
Services, LLC; Golden Living; Golden Living-Center;
and Golden Living,

    Defendants.

## CERTIFICATE OF EXPERT CONSULTATION

**STATE OF TENNESSEE**

**COUNTY OF SHELBY**

    COMES NOW Peter Byron Gee, and states the following:

1.     I am attorney of record for Plaintiff, Shirley Cotton, as the Administratrix of the Estate of Ida Roberson, deceased in the above-entitled action.

2.     In my capacity as attorney of record I attempted to make a thorough and complete review of all relevant facts and circumstances involved in this matter. I reviewed the facts of the case.

3.     I have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence* who is qualified to give expert testimony as to the standard of care or negligence in this matter.

4.     I reasonably believe that the expert I have consulted in this matter is knowledgeable in the relevant issues involved in the particular action.



EXHIBIT B

5.  I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Further Affiant sayeth not.

_____
**PETER BYRON GEE**

On this the _____ day of May, 2013 before me personally appeared PETER BYRON GEE, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

Nov. 17, 2014

2

IN THE CIRCUIT COURT OF THE PANOLA COUNTY,
MISSISSIPPI FOR THE SECOND JUDICIAL DISTRICT

Shirley Cotton as the Adminstratrix of the Estate
Of Ida Roberson, deceased and on behalf of her
Heirs and wrongful death beneficiaries,

    Plaintiff,

v.

CASE NO. 2013-102 JMP

JURY DEMANDED

GGNSC Batesville, LLC d/b/a Golden
Living Center Batesville; GGNSC Administrative
Services, LLC; Golden Living; Golden Living-Center;
and Golden Living,

    Defendants.

## CERTIFICATE OF EXPERT CONSULTATION

**STATE OF TENNESSEE**

**COUNTY OF SHELBY**

    COMES NOW Peter Byron Gee, and states the following:

1.     I am attorney of record for Plaintiff, Shirley Cotton, as the Administratrix of the Estate of Ida Roberson, deceased in the above-entitled action.

2.     In my capacity as attorney of record I attempted to make a thorough and complete review of all relevant facts and circumstances involved in this matter. I reviewed the facts of the case.

3.     I have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence* who is qualified to give expert testimony as to the standard of care or negligence in this matter.

4.     I reasonably believe that the expert I have consulted in this matter is knowledgeable in the relevant issues involved in the particular action.

FILED
MAY 22 2013
MELISSA MEEK PHELPS
CIRCUIT CLERK

5. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Further Affiant sayeth not.

_____
**PETER BYRON GEE**

On this the _____ day of May, 2013 before me personally appeared PETER BYRON GEE, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

Nov. 17, 2014

