IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHIRLEY COTTON, as Administratrix of**                                                   **PLAINTIFF**
**the Estate of Ida Roberson (deceased), and**
**on behalf of her heirs and wrongful death**
**beneficiaries**

**V.**                                                                     **NO. 3:13-CV-00169-DMB-SAA**

**GGNSC BATESVILLE, LLC, d/b/a**
**Golden Living Center Batesville; GGNSC**
**ADMINISTRATIVE SERVICES, LLC;**
**GOLDEN LIVING; and GOLDEN**
**LIVING-CENTER**                                                                  **DEFENDANTS**

## ORDER DENYING STAY

This medical negligence action is before the Court on Defendants' motion to stay pending appeal. Doc. #52. For the reasons below, the motion to stay is denied.

### I
### Procedural History

On August 19, 2014, Defendants filed a motion to dismiss and compel arbitration. Doc. #36. On March 24, 2015, this Court denied Defendants' motion, finding that Shirley Cotton did not bind her mother Ida Roberson's estate when she signed the arbitration agreement proffered by Defendants. Doc. #42. Specifically, this Court held Defendants could not enforce the arbitration agreement based on: (1) actual authority because, under relevant Mississippi law, "actual authority to sign a nursing home arbitration agreement may only be established through proof of a 'formal legal device' such as power of attorney, health care surrogacy, conservatorship, or guardianship," and Cotton had no such formal legal device; (2) apparent authority or estoppel because they could not establish detrimental reliance apart from the benefit

of the agreement to arbitrate; and (3) ratification, because there was no evidence that Roberson knew of the agreement to arbitrate. *Id.* at 7–11.

Approximately two weeks later, on April 6, 2015, Defendants filed a Notice of Appeal to the Fifth Circuit Court of Appeals. Doc. #45. On July 29, 2015, Defendants filed a Motion to Stay Proceeding Pending Appeal. Doc. #52. In violation of this Court's Local Rules, Defendants' motion fails to state whether the requested relief is opposed by Plaintiff. *See* L.U. Civ. R. 7(b)(10). Also in violation of this Court's Local Rules, Plaintiff failed to file a response in opposition to the motion, or notify the Court of her intent not to respond. *See* L.U. Civ. R. 7(b)(3)(A).

On November 3, 2015, this Court issued an order directing Plaintiff to "file a response in opposition [to the motion to stay] or … notify the Court that she does not intend to respond." Doc. #59 at 2. On November 5, 2015, Plaintiff filed a response opposing the motion to stay but, in violation of this Court's November 3 order, did not file a memorandum in support of the response. Doc. #59. On November 11, 2015, Defendants filed a "supplement" to their motion to stay in which they represent that "[p]rior to filing the motion in question, counsel for Defendants and counsel for Plaintiffs conferred on the issue, and Plaintiff does not consent to a stay as sought in the motion." Doc. #61.

## II
## Analysis

A district court has discretion to grant a stay pending appeal. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011). In exercising this discretion, a court must first ask whether the case involves a "serious legal question … and the balance of equities heavily favors a stay." *Id.* If the case does not involve a serious legal question or the balance of equities do not heavily favor a stay, the court must consider four factors: (1) whether the party seeking the stay

2

has shown a likelihood of success on the merits on appeal; (2) whether the party seeking the stay would suffer irreparable injury resulting from the denial of the requested stay; (3) whether the other parties would be substantially harmed by the grant of the requested stay; and (4) whether the public interest favors a stay. *Id.*

As a general matter, private disputes which "have no far-reaching effects or public concerns" do not implicate a "serious legal question." *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23–24 (5th Cir. 1982). Defendants do not contend, and this Court declines to find, that a medical negligence action between private individuals implicates a "serious legal question" to justify departure from the normal four-factor test. Accordingly, the Court must decide whether a stay is justified under the four factors enumerated above.

A. **Factor #1: Likelihood of Success on the Merits**

Generally, a party seeking a stay is at a "disadvantage" with regard to the first factor "because the district court has already ruled against him." *Miller*, 661 F.3d at 910. This case is no different.

Defendants argue that they are likely to succeed on the merits of their appeal because this Court misapplied federal and state law governing arbitration agreements. Doc. #53 at 4–5. On appeal, Defendants specifically argue: (1) Mississippi law does not require a formal legal device to transfer actual authority to sign an arbitration agreement, and even if it did, this requirement would be preempted by the Federal Arbitration Act; (2) they detrimentally relied on Cotton's representations of authority by "[r]efraining from requesting that Ms. Roberson sign the Arbitration Agreement;" and (3) "the evidence that Ms. Roberson knew Cotton was signing an agreement to arbitrate is undisputed." Doc. #52-1 at 12–14, 26–27.

3

First, for the reasons stated in this Court's order denying the motion to compel and in Judge Mills' decision in *Gross v. GGNSC Southaven, LLC*,[1] the Court concludes that Defendants are unlikely to succeed on their arguments regarding actual authority.

Next, Defendants, citing to *Eaton v. Porter*, 645 So.2d 1323, 1327 (Miss. 1994), a case in which the Mississippi Supreme Court held that a decision not to seek other repair options constituted detrimental reliance, argue on appeal that they can establish detrimental reliance because their employees did not ask Roberson to sign the arbitration agreement. Doc. #52-1 at 26. While the Court is loath to step into the shoes of the Fifth Circuit, it finds that the Court of Appeals is unlikely to adopt a rule which would eviscerate the detrimental reliance rule (such that Defendants' argument would apply in virtually every case where a party allowed a purported agent to sign on the principal's behalf) based on a single case citation to a wholly different factual scenario.

Finally, Defendants argue that the Court misinterpreted the evidence before it in concluding that Cotton had no reason to believe Roberson was signing an arbitration agreement. *Id*. at 27–28. For the reasons stated in this Court's March 24 order, the Court finds that Defendants are unlikely to succeed on their argument regarding ratification.

Having found that each of Defendants' arguments on appeal is not likely to succeed, the Court concludes that the first factor weighs against a stay.

B.    **Factor #2:  Whether Defendants Would Suffer Irreparable Injury**

Defendants argue that "[a]bsent a stay being granted in this case, Defendants (and the Court) will be forced to incur the time and expense of active litigation." Doc. #52 at 3. Defendants also argue that "[u]nder Mississippi law, active participation in litigation (such as

---

[1] 83 F.Supp.3d 691, 698 (N.D. Miss. 2015) (finding rule requiring formal legal document did not violate Federal Arbitration Act).

engaging in discovery) waives an arbitration defense." *Id.* (citing *MS Credit Ctr., Inc. v. Horton*, 926 So.2d 167 (Miss. 2006)).

The Fifth Circuit has expressly rejected "time and expense of litigation" as an irreparable harm following an order denying a motion to compel arbitration. *Miller*, 661 F.3d at 913. Furthermore, in the very case Defendants cite, the Mississippi Supreme Court made clear that "[a]lthough participation in the litigation is an important factor to be considered, more is required to constitute a waiver [of a right to arbitrate]." *Horton*, 926 So.2d at 180. Given this holding, as well as the general rule that "waiver of arbitration is not a favored finding, and there is a presumption against it," the Court concludes that Defendants' involvement in this litigation, when viewed in the light of the vigorous assertion of their claimed the right to arbitrate, will not result in a waiver of the right to arbitrate under Mississippi law. *Id.* Accordingly, the second favor weighs against a stay.

### C. Factor #3: Substantial Harm to other Parties

Defendants contend that Plaintiff will not suffer substantial harm if a stay is granted. Doc. #53 at 3–4. Plaintiff does not argue that she will suffer harm as a result of a stay. Accordingly, the Court finds that the third factor weighs in favor of a stay.

### D. Factor #4: Public Interest

Defendants argue that "[p]ublic policy favors the efficient allocation of judicial resources, including staying lower court proceedings where a 'difficult question is presented on appeal' as is the case here." Doc. #52 at 5 (quoting *Miller*, 661 F.3d at 913). While public policy does favor a stay where a difficult question is presented on appeal, this rule does not apply where, as here, the appellant "does not present a likelihood of success on the merits." *Miller*, 661 F.3d at

913. Rather, where there is little likelihood of success, "the public interest in speedy resolution [of the case] prevails." Accordingly, the fourth factor weighs against a stay.

    **E. Balancing**

For the reasons above, the Court concludes that the first, second, and fourth factors weigh against a stay while the third factor weighs in favor of a stay. Under these circumstances, a balancing of the relevant factors does not support a stay and the motion to stay should be denied. *Id*.

## III
## Conclusion

Because the four factor test does not support a stay, Defendants' motion to stay pending appeal [52] is **DENIED**.

SO ORDERED, this 7th day of January, 2016.

                                              **/s/ Debra M. Brown**
                                              **UNITED STATES DISTRICT JUDGE**